UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>OSCAR GARCIA, et al.,<br><br>                Defendants. | Case No: 11-cr-68-EJL<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION FOR RELIEF FROM MISJOINDER AND PREJUDICIAL JOINDER** |

## INTRODUCTION

The Court has before it defendant Oscar Garcia's Motion for Relief from Misjoinder and Prejudicial Joinder (Dkt. 226). The Court has determined oral argument would not assist the decision-making process and will decide the motion without a hearing. For the reasons explained below, the Court will deem the motion moot, in part, and deny it without prejudice, in part.

## ANALYSIS

1.     **Issues related to Juan Gonzalez and Alfredo Castro**

Two issues raised in this motion are moot. First, Garcia argued that his case was

misjoined with a count applicable to co-defendant Juan Gonzalez. Gonzalez has since pled guilty and will not be tried. Second, Garcia's argument that he cannot be fairly tried with co-defendant Alfredo Castro is moot because Castro has pled guilty as well. Of the eleven named defendants, only two – Garcia and Juan Jimenez – will be tried.

**2.    *Bruton* Issues**

Garcia argues he will be unfairly prejudiced if he is jointly tried with co-defendant Jimenez.

Federal Rule of Criminal Procedure 14 provides that "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant," then "the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . ." *Zafiro v. United States,* 506 U.S. 534, 539 (1993). Garcia bears the burden of justifying severance, meaning he must show that a joint trial would create such a "clear," "manifest" or "undue prejudice" that one of his substantive rights would be violated to the point where he would be denied a fair trial. *United States v. Vasquez-Velasco,* 15 F.3d 833, 846 (9th Cir. 1994).

Garcia has not identified any specific substantive right that will be compromised by a joint trial. Instead, he points only to the possibility of a *Bruton* problem. *See generally Bruton v. United States*, 391 U.S. 123 (1968). A *Bruton* problem arises when multiple defendants are joined for trial and one of the defendants makes an out-of-court confession or other statement that implicates a co-defendant. The statement of the

MEMORANDUM DECISION AND ORDER - 2

declarant co-defendant, when offered against him by the government, is admissible as non-hearsay, *see Fed. R. Evid.* 802(d)(2), but is generally inadmissible hearsay as against the non-declarant co-defendant. In a joint trial, the jury will hear the statement of one defendant pointing the finger at another defendant, but if that defendant (the speaker) does not take the stand, then the other co-defendant does not have an opportunity to confront and cross-examine the speaker. Until *Bruton* was decided, courts handled this problem by instructing the jury to consider the statement against the declarant only, and not the implicated co-defendant. But *Bruton* declared that this practice placed an unrealistic burden on jurors. 391 U.S. at 128-29. *Bruton* held that it violates the Sixth Amendment for an out-of-court statement by one defendant that implicates another defendant to be introduced in a joint trial where the speaker does not take the stand and subject himself to cross examination. *Id.* at 128-29, 136.

But even when there are *Bruton* problems, severance is not automatic. The *Bruton* Court spoke of "alternative ways" of using a statement to prove the confessor's guilt without infringing the nonconfessor's confrontation rights. *Id.* at 133-34. For example, "[t]he Supreme Court has upheld the use of redactions to solve the *Bruton* problem, although the validity of redaction will depend a great deal on the details." *See* 1AWright et al., *Federal Practice & Procedure* § 224 (4th ed. 2012).

The key problem with Garcia's *Bruton* motion is that he does not point to any specific out-of-court statements Jimenez made that implicate him and thus would create a potential *Bruton* problem. Instead, he says only that "[i]t is anticipated that the

government at trial may offer into evidence out of court statements of one or more of Mr. Garcia's co-defendants that could implicate Mr. Garcia . . . ." *Mot. Memo.*, Dkt. 226-1, at 13. The government, for its part, says it plans to offer statements that co-defendants made, but it does not offer any specifics either.

The result is that the Court cannot evaluate whether there is a *Bruton* problem or, if so, whether it could be resolved with redactions. Nor can the Court evaluate the government's argument that any co-defendant statement implicating Garcia would be admissible under the co-conspirator exception to the hearsay rule, and, therefore, would not create a *Bruton* problem. *See Gov't Response,* Dkt. 262, at 12 (citing Fed. R. Evid. 801(d)(2)(E), *United States v. Martinez,* 657 F.3d 811, 820 (9th Cir. 2011), and *United States v. Larson*, 460 F.3d 1200, 1213 n.12 (9th Cir. 2006)).

Garcia suggests that the government be compelled to reveal the out-of-court statements it intends to use at trial so that the Court can conduct "an appropriate analysis of *Bruton*." The Court does have this prerogative: Federal Rule of Criminal Procedure 14(b) provides: "Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence."

But, as discussed above, Garcia has the burden on a motion to sever. The Court believes he must do something more than just raise the specter of a *Bruton* problem – without pointing to any specifics whatever – and then ask the government to identify co-defendants' out-of-court statements that (a) incriminate Garcia and (b) will be offered at

trial.

Granted, this is a complex case. Garcia represents that "[t]housands of pages of written discovery exist in this case together with voluminous audio and video recordings." *Reply,* Dkt. 273, at 5. He thus indicates that he "cannot possibly predict which of the statements of multiple co-defendants, buried among this universe of material produced in discovery, the government will offer at trial." *Id.* But since Garcia made this representation, the trial has shrunk to just two co-defendants who will be jointly tried – Garcia and Jimenez. So it would presumably be easier to sift through all the discovery materials looking for evidence that Jimenez made out-of-court statements implicating Garcia.

Under these circumstances, the Court will deny Garcia's *Bruton* motion without prejudice. If Garcia identifies more specific statements between now and trial, he may renew his motion and the Court will evaluate such statements for *Bruton* issues. Otherwise, the Court will address *Bruton* issues as they arise at trial. During the trial, the Court will expect advance notice if the government intends to offer any evidence that could potentially create a *Bruton* problem. At that point, the Court may exercise its prerogative under Rule 14(b) to examine such statements in camera before such evidence to be admitted.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

**IT IS ORDERED THAT** Defendant's Motion for Relief from Misjoinder and Prejudicial Joinder (Dkt. 226) is **MOOT**, **in part**, and **DENIED WITHOUT PREJUDICE, in part.**

DATED: December 17, 2012

Edward J. Lodge
United States District Judge