UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR GARCIA,<br><br>Defendant. | Case No. 1:11-cr-00068-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Oscar Garcia's Renewed Motion for Compassionate Release or Recommendation for Transfer to Home Confinement. Dkt. 552. The Government opposes the motion. Dkt. 556. For the reasons that follow the Court will deny the motion.

## BACKGROUND

Garcia pled guilty to conspiracy to participate in a racketeering enterprise and attempted murder in aid of racketeering, and was sentenced to 124 months incarceration. Dkt. 349; Dkt. 380. He has served approximately 94 of the 124 months imposed by this Court. Dkt. 556 at 6.

Garcia is 35 years old. He has an extensive criminal history including

multiple assault convictions, escape, arson, felony possession of a controlled substance, and manslaughter. *PSR* at 15-19. While incarcerated for the shooting and killing of Rudy Mata and the shooting and injuring of Gonzalo Mata, he has assaulted other inmates on at four separate occasions. *Id.* at 19. Garcia's Presentence Investigation Report documented no underlying health conditions, *see id.* at 20, but Garcia alleges that he is particularly at risk from COVID-19 due to his years-long history as a daily smoker. Dkt. 555 at 2.

Garcia initially filed a pro se motion seeking home detention or compassionate release. Dkt. 544. The Government filed a motion to dismiss for failure to exhaust administrative remedies. Dkt. 545. Garcia subsequently filed a motion for reappointment of his CJA counsel, which the Court granted. Dkt. 550, 551. Counsel then filed a renewed motion for compassionate release and supplement thereto. Dkt. 552, 555. The Government continues to oppose the motion. Dkt. 556.

## LEGAL STANDARD

Garcia brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP). In order to modify a

**MEMORANDUM DECISION AND ORDER - 2**

sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *See* USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

## ANALYSIS

### A. The Court will not grant Garcia's Motion for Compassionate Release.

Garcia sent a request for compassionate release to BOP and received no reply. Dkt. 552 at 2; Dkt. 550-1, 550-2. Therefore, he has exhausted his administrative remedies.

The § 3553(a) factors have not significantly changed since Garcia was sentenced. He has a serious and violent criminal history and has violated prison

rules by assaulting fellow inmates on several occasions. The original sentence imposed reflects the seriousness of the offense he was convicted of.

Garcia has also failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. He suggests that his history as a smoker causes his grave concerns for his safety. Otherwise, he is 35 years old and in good health. He alleges that as of July 31, 2020, there were 110 positive cases of coronavirus at USP Victorville, where he is being detained. Dkt. 552 at 2. But the BOP has implemented numerous measures to reduce the potential spread of COVID-19 among inmates. *See* Dkt. 556 at 2-5. A generalized fear of contracting COVID-19, without more, is not an "extraordinary and compelling reason[]." *See United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

Moreover, Garcia is a danger to the community. Prior to his incarceration, he was a member of the Brown Magic Clica gang. *PSR* at 9. The two individuals he shot were fellow gang members. *Id.* His membership in this violent street gang, coupled with his extensive criminal history, convinces the Court that he would be a danger to the safety of the community upon release.

**MEMORANDUM DECISION AND ORDER - 4**

Considering all of the factors, the Court will deny Garcia's motion for compassionate release.

### B. The Court will not recommend to the BOP that Garcia be allowed to serve his remaining time in home confinement.

Garcia asks in the alternative that the Court recommend to the BOP that he be allowed to serve the remainder of his sentence on home confinement.

Under 18 U.S.C. § 3624(c)(2), the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner of 6 months." The CARES Act gives the BOP discretion to expand the use of home confinement during the COVID-19 pandemic. *See* Pub. L. 116-136, § 12003(b)(2).

The Court declines to recommend that Garcia be allowed to serve the remainder of his time in home confinement for the same reasons discussed above.

### ORDER

**IT IS ORDERED** that Defendant's motions for compassionate release (Dkt. 544, 552) are **DENIED**.

DATED: October 13, 2020

B. Lynn Winmill
U.S. District Court Judge